(122 So. 702)
## BLACKBURN v. STATE. (7 Div. 581.)

Court of Appeals of Alabama. May 28, 1929.

C. B. Sims and Hugh Reed, both of Center, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. Appellant being confined by the sheriff in the county jail of Cherokee county, Ala., filed petition for habeas corpus before the judge of probate, and in response to the preliminary writ the sheriff produced the prisoner and answered that he had arrested and was detaining petitioner as a prisoner in the county jail upon the strength of a telegram from the sheriff of Webb county, Tex., and also upon a purported warrant of arrest issued by one "L. Villegas, a Justice of the Peace of Precinct 1. Place, Webb Co. Texas." The warrant aforesaid was directed "to the Sheriff or any constable of Webb County, Texas," and made returnable before the issuing justice of the peace. The aforesaid purported telegram and warrant were offered in evidence over the objection and exception of petitioner, his objections being predicated upon the grounds: "(1) It is insufficient to authorize his detention. (2) It is not authenticated. (3) It is not properly authenticated. (4) It is incompetent. (5) It is irrelevant. (6) It is illegal."

The record shows: "The foregoing was all the evidence offered to sustain the detention of said Woodrow Blackburn. Thereupon counsel for said Woodrow Blackburn moved the court to discharge him from custody.

The court refused to order the discharge of said Woodrow Blackburn and declined to grant the writ, and denied same, and remanded him to the custody of said W. L. Mitchell as jailor of said Cherokee County, Alabama." From the judgment rendered in accordance with above order this appeal was taken.

■■ The court erred in not granting the motion of petitioner for his discharge. There was no semblance of legal authority for the arrest or detention of petitioner. The process relied upon by the sheriff to justify his retention of the prisoner was in no manner authenticated, and for this reason was subject to the objections interposed. Moreover, if such telegram and Texas warrant had been authenticated, it would not have been sufficient, as courts of this state will not take judicial knowledge of a justice of the peace court of another state nor of the sheriff of a county of another state.

From the proceedings here shown the petitioner was entitled to the relief sought. Having been improperly denied, an order is here made and entered reversing the ruling of the lower court, and granting the prayer of petitioner. Reversed, and the prisoner is hereby ordered to be discharged from further custody in these proceedings.

Reversed and rendered.